Hugh S. Coyle, J.
Motion by respondents, Town of Rye and Village of Port Chester, for a reargument is granted, and upon such reargument the decision of this court confirming the Referee’s report, dated July 2, 1964, is withdrawn and substituted therefor is the following decision:
The Referee, in compiling his capitalization rate (sometimes referred to as a “ built up ” capitalization rate) for his tax component should have used the figure of 3.66% in place and stead of 6.20%, the actual tax rate. The Referee found that the relation of assessed to appraised value in the assessing unit for the years in litigation was 59%. Accordingly, the Referee should have adjusted the tax rate so that it would be 59% of the actual *1021 rate of 6.20%, or 3.66%. (§ee computations of Mr. Justice Hogan in Matter of Cedar Park Terrace [Board of Assessors of County of Nassau], N. Y. L. J., May 20, 1964, p. 19, col. 2.)
By capitalizing income, market value or appraised value is sought to be determined. If the full tax rate were used, it would have the effect of adding in a tax expense based upon the tax rate as applied to appraised value rather than the tax rate as applied to assessed value. By adjusting the tax rate by the 59% ratio of appraised to assessed value, it then has the effect of adding into the built-up capitalization rate the item of tax expense based upon assessed value. The latter is the proper formula.
Consequently, paragraph “18 ” et seq. of the Referee’s report should be modified to reflect such change in the tax component of the built-up capitalization rate as follows:

Income

Apartments (fully rented)........................ $292,000
Garages (fully rented) ........................... 9,960
Total....................................... $301,960

Vacancies, Etc.

Apartments 7% ....................... $20,440
Garages 40% ......................... 3,984
- 24,424
$277,536
Other income (machines, etc.) .................... 3,000
Total Income................................ $280,536
Total Expenses ............................. 66,000
Net income (before taxes, interest,
amortization and/or depreciation) .............. $214,536
Land appraisal $1.50 sq. ft.
120,000 square feet.................. $180,000
Adjusted tax rate (per $100 of
assessed value) ............. 3.66%
Land return .................. 7.00%
10.66%
Return on land investment ($180,000 x 10.66%)..... 19,188
Residual amount of net income applicable to building value (net income less return on land investment).. $195,348
*1022 Adjusted tax rate (per $100 of
assessed value) ............. 3.66%
Building return............... 7.00%
Depreciation .................. 2.00%
Capitalization rate for building
(built-up capitalization rate).. 12.66%
Value of building $195,348 divided by 12.66%....... $1,543,033
Add land value................................ 180,000
Total value of land and buildings.............. $1,723,033
Since the Referee found that the relation of assessed value to appraised value in the assessing unit was 59%, the proper assessed value of land and building should be computed as
follows :
Proper assessed value of land (appraised
value of $180,000 x 59%) ....................... $106,200
Proper assessed value of buildings (appraised value of $1,543,033 x 59%) ..................... 910,389
Total Proper Assessment.................... $1,016,589
Since the actual assessment for the years in litigation was $54,000 for land, and $900,000 for buildings, making a total of $954,000, the property which is the subject of these proceedings has not been overassessed, either by reason of overvaluation or inequality. Under the circumstances, the petition should have been dismissed and a final order entered in favor of respondents and against petitioners.
(Submit final order on notice, which order shall be in accordance with this decision and shall vacate the prior order of this court, granted July 2,1964, and shall vacate the costs heretofore entered in favor of petitioners.